UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOROTHEA DARAIO | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | PRISONER |
| | : | NO. 3:08CV1812(MRK) |
| HARLEY G. LAPPIN, Director, | : | |
| Federal Bureau of Prisons, and | : | |
| DONNA ZICKEFOOSE, Warden, | : | |
| FCI-Danbury, | : | |
| | : | |
| Respondents. | : | |

**RULING AND ORDER**

On December 1, 2008, Ms. Daraio, *pro se* and currently incarcerated, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody [doc. #1] seeking an immediate release to a Residential Reentry Center ("RRC") under the Second Chance Act of 2007, Pub. L. 110-199, 122 Stat. 657 (April 9, 2008) ("Second Chance Act"). On February 9, 2009, this Court denied Ms. Daraio's Application for immediate pre-release because she failed to demonstrate that the BOP did not act in accordance with the Second Chance Act when it determined that 180 days of pre-release custody in a RRC would afford Ms. Daraio a reasonable opportunity to adjust to and prepare for her reentry into the community. *See* Ruling and Order [doc. # 23].

Currently pending before the Court is Ms. Daraio's Motion for Reconsideration [doc. # 25].[1]

---

[1] The parties have submitted multiple filings in support of their respective positions, and the Court has reviewed each of them in connection with this ruling. Those filings are as follows: Ms. Daraio's Motion to Reconsider Denial of Writ of Habeas Corpus [doc. # 25] [hereinafter Motion for Reconsideration]; Ms. Daraio's Addendum to Motion to Reconsider Denial of Writ of Habeas Corpus [doc. # 28] [hereinafter Addendum]; Respondent's Response to Petitioner's Motion for Reconsideration [doc. # 27] [hereinafter Response]; Respondent's Supplemental Response to Petitioner's Motion for Reconsideration [doc. # 32] [hereinafter Supplemental Response]; Petitioner's Response to Respondent's Response to Motion for Reconsideration [doc. # 33] [hereinafter Reply]; Petitioner's Response to Respondent's Supplemental Response [doc. # 34] [hereinafter Supplemental Reply].

For the reasons that follow, the Court grants in part the motion for reconsideration insofar as the Court is willing to reconsider its decision, but upon reconsideration of the parties' submissions, the Court nonetheless adheres to, and reaffirms, its Ruling and Order dated February 9, 2009.

**I.**

The standard for a motion for reconsideration is a familiar one. As this Court already explained in *Packer v. SN Servicing Corp.*:

> The standard for granting a motion for reconsideration [under Rule 59(e)] is strict. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Servs., Inc.*, 928 F.Supp. 287, 289 (S.D.N.Y.1996) (internal citations and quotation marks omitted). Furthermore, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478, at 790 (1981)).

250 F.R.D. 108, 110 (D. Conn. 2008) (quoting *Nationwide Airlines (PTY) Ltd. v. African Global, Ltd.*, No. 04cv768 (MRK), 2007 WL 1201765, at *2 (D.Conn. Apr. 23, 2007)). Similarly, before a party obtains relief from a final judgment or order because of newly discovered evidence, the party must first demonstrate that this evidence could not have been discovered with reasonable diligence prior to the Court rendering its decision. *See* Fed. R. Civ. P. 60(b)(2).

In support of her motion, Ms. Daraio first asserts that she has not failed to exhaust her administrative remedies, and moreover, that exhaustion would be futile. *See* Motion for Reconsideration [doc. # 25] at 1. However, this Court has already made clear that it based its

determination on the merits of Ms. Daraio's argument that the BOP violated the Second Chance Act, and not on exhaustion grounds. *See* Ruling and Order [doc. # 23] at 7 ("[T]he Court will address the merits of Ms. Daraio's claim under the Second Chance Act, rather than decide this case on exhaustion grounds. The Court does so without in any way expressing a view on the merits of the exhaustion defense in this case."). Because the exhaustion issues initially presented in this case had no bearing on the Court's denial of Ms. Daraio's Application for a Writ of Habeas Corpus under § 2241, the Court sees no reason to disturb its ruling.

Next, Ms. Dario asserts that the Second Chance Act imposes an obligation upon the BOP to ensure that an inmate is placed in pre-release community or home confinement prior to the expiration of his or her term of imprisonment so long as the inmate meets the five statutory factors under 28 U.S.C. § 3621(b). *See* Addendum [doc. # 28] at 1-7. Although the basic premise of Ms. Daraio's argument is correct, the Court has already explained at length that the obligations imposed upon the BOP under the Second Chance Act do not undermine its discretion in determining the length of time that an inmate will benefit from pre-release community confinement. *See* Ruling and Order [doc. # 23] at 7-12. As this Court already noted, the requisite inquiry is whether the BOP considered Ms. Dario for pre-release confinement in accordance with the five statutory factors under § 3621. *See id.* at 8-9 (citing *Levine v. Apker*, 455 F.3d 71, 80-81 (2d Cir. 2006)). These statutory factors are not exclusive, and contrary to Ms. Daraio's primary contention, even though the Second Chance Act allows for RRC placements for a period of up to one year, the BOP is not required to do so if on its assessment of the statutory factors and other factors and evidence in the record, the BOP determines, as here, that an RRC placement in excess of 180 days is not warranted. *See id.* at 9 (citing *Miller v. Whitehead*, 527 F.3d 752, 757-58 (8th Cir. 2008) (citing *Levine*, 455 F.3d at 86)). Ms. Daraio has presented the Court with no arguable legal basis for revising its prior ruling, and moreover, has

3

provided no new evidence that challenges this Court's conclusion that the BOP reached its determination granting her 180 days pre-release custody at an RRC after considering the statutory factors set forth in § 3621(b). A Motion for Reconsideration is not a vehicle to relitigate issues that have already been decided. *See Shrader*, 70 F.3d at 257.

The Court notes that much of the information in support of Ms. Daraio's Motion for Reconsideration more properly concerns the BOP's denial of her request for compassionate release. According to the BOP, Ms. Daraio has sufficient family supports to care for her learning-disabled, minor son while she is incarcerated and therefore, there are no "extraordinary and compelling reasons" to warrant a reduction in her sentence. *See* Motion for Reconsideration [doc. # 25] at 12, Ex. 36 (Warden's Denial of Compassionate Release dated 12/30/08); *id.* at 5, Ex. 41 (Warden's Denial of Compassionate Release dated 2/6/09). In its Response, the BOP included evidence of Ms. Daraio's e-mails with family members as well as her inmate visitor log in an effort to bolster its conclusion. *See* Response [doc. # 27] at Ex. 5-7, 11-12.

Ms. Daraio rejoins with detailed information about her son's difficulties since being placed at a second boarding school in January 2009 as well reasons why her family members and close friends are unable or unfit to care for him. *See generally* Reply [doc. # 33]; Supplemental Reply [doc. # 34]. Although the Court questions whether the BOP should again consider Ms. Daraio for compassionate release in light of the additional evidence presented, this issue is not properly before the Court and even Ms. Daraio concedes that her motion is limited to her Application under § 2241 and the Second Chance Act. Just as Ms. Daraio failed to assert any new arguments concerning the BOP's alleged violation of the Second Chance Act in granting her only 180 days of pre-release custody in an RRC, Ms. Daraio has similarly failed to demonstrate newly available evidence justifying any revision to this Court's Ruling and Order dated February 9, 2009.

4

## III.

The Court remains sympathetic to Ms. Daraio's circumstances as well as her concerns regarding her son's well-being, but concludes that she has presented no arguable legal basis for disturbing the Court's prior ruling. Despite Ms. Daraio's inability to present any arguments or newly available evidence justifying an immediate release to an RRC, the Court has the continued expectation that she will be transferred to pre-release community confinement on March 24, 2009, which is less than two weeks from today.

Accordingly, Ms. Daraio's Motion for Reconsideration [doc. # 25] is granted in part and denied in part. Ms. Daraio's motion is granted insofar as the Court considered her arguments and additional exhibits but denied insofar as the Court declines to alter its decision and adheres to its original Ruling and Order. Based on Ms. Daraio's representation that she did not receive the Court's February 9, 2009 Order [doc. # 23], the Clerk is directed to include another copy of that Ruling and Order with this decision.

**If Ms. Daraio wishes to appeal the Court's original Ruling and Order and subsequent denial of her Motion for Reconsideration, she must file a Notice of Appeal no later than 30 days from the entry of today's order.** *See* **Fed. R. App. Proc. 4(a).**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: March 13, 2009.**